1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3 | RUSTY TWO FEATHERS BRADY,
CHELEY HOKANSON PETRIS,

Case No.: 3:21-cv-00463-MMD-WGC

4

**REPORT & RECOMMENDATION OF
U.S. MAGISTRATE JUDGE**

Plaintiffs,

5

Re: ECF No. 1,1-1, 1-2

v.

6

7 | C. ETHERIDGE, et. al.,

Defendants

8

9       This Report and Recommendation is made to the Honorable Miranda M. Du, Chief

10 | United States District Judge. The action was referred to the undersigned Magistrate Judge

11 | pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

12       Plaintiffs Rusty Two Feathers Brady (Brady) and Cheley Hokanson Petris (Hokanson)

13 | have each filed an application to proceed in forma pauperis (IFP) (ECF Nos. 1, 1-1) and pro se

14 | complaint (ECF No. 1-2).

15                              **I. IFP APPLICATION**

16       A person may be granted permission to proceed IFP if the person "submits an affidavit

17 | that includes a statement of all assets such [person] possesses [and] that the person is unable to

18 | pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense

19 | or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez*

20 | *v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to

21 | all actions filed IFP, not just prisoner actions).

22       The Local Rules of Practice for the District of Nevada provide: "Any person who is

23 | unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

The application must be made on the form provided by the court and must include a financial

affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the

benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the applications to proceed IFP reveals Plaintiffs cannot pay the filing fee;

therefore, the applications should be granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the

allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails

to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is

provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii)

tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the

court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to

state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the

Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under

Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,

232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

1     The court must accept as true the allegations, construe the pleadings in the light most

2  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

3  395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

4  stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

5  (1980) (internal quotation marks and citation omitted).

6     A complaint must contain more than a "formulaic recitation of the elements of a cause of

7  action," it must contain factual allegations sufficient to "raise a right to relief above the

8  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

9  must contain something more … than … a statement of facts that merely creates a suspicion [of]

10  a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a

11  plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at

12  570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13     A dismissal should not be without leave to amend unless it is clear from the face of the

14  complaint that the action is frivolous and could not be amended to state a federal claim, or the

15  district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

16  1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

17  **B. Plaintiffs' Complaint**

18     Plaintiffs' complaint names as defendants: Bureau of Indian Affairs (BIA) Police Officer

19  C. Etheridge, Belinda Hooper, Davonna Hooper, Tia Hooper, Debbie Hooper, Randy Brady,

20  Finley Barney, Kurt Hooper, Robin Brady, Daniel Hooper, Dawn Marie Brady, and Curtis

21  Brady. (ECF No. 1-2 at 1-7.) The complaint alleges that the defendants other than BIA Officer

22  Etheridge are plaintiff Brady's family members.

23

1      Plaintiffs allege violations of their rights under the Fourth and Fourteenth Amendments to

2  be free from unreasonable seizure or their persons and things through Defendants' participation

3  in an "ongoing illegal self-help eviction conspiracy" to evict Plaintiffs from plaintiff Brady's

4  family ranch that occurred on the Yomba Shoshone Tribal Reservation in Lander County,

5  Austin, Nevada, between May and September of 2021.

6      Plaintiffs contend that Officer Etheridge participated in a criminal investigation of

7  plaintiff Brady due to defendant Randy Brady's allegations that plaintiff Brady shot his pistol

8  near defendant Randy Brady's residence. Plaintiff Brady contends that, in fact, defendant Randy

9  Brady illegally interfered with Plaintiffs' rights and changed the locks and drilled open the lock

10  on a room that belonged to Plaintiffs. BIA Officer Etheridge subsequently arrested plaintiff

11  Brady and placed him on two weeks house arrest, even though there were no criminal charges

12  filed against plaintiff Brady. Officer Etheridge then used 2 weeks house arrest and the threat of

13  arrest to coerce both Plaintiffs into giving up their possessory interests and freedoms due to an

14  eviction that Plaintiffs claim was based on falsified documents. Plaintiff Hokanson informed

15  Officer Etheridge that she was a lawful resident of the Brady Ranch, and Officer Etheridge

16  allegedly stated to Hokanson: "white people don't have any civil rights on the reservation."

17  Officer Etheridge then said: "As far as Rusty[,] he did not go to jail because he is deaf, we didn't

18  want to see him put in danger by putting him into jail, but he is off of house arrest."

19      Plaintiffs aver that Officer Etheridge colluded with defendants Debbie Hooper, Belinda

20  Hooper, Davonna Hooper, and Tia Hooper in an ongoing illegal self-help eviction by accepting

21  their word that plaintiff Hokanson was banished from the property. Plaintiffs claim all

22  defendants demanded Plaintiffs leave "while you still can." Defendants Debbie Hooper, Belinda

23  Hooper, Davonna Hooper and Tia Hooper and defendant Curtis Brady all stated they did not

4

want a white woman on the ranch. Daniel Hooper brought out a long gun. Defendant Dawn

Marie screamed, "leave," and "go while you still can." Robin Brady gave aide to the "mob" and

did not stand up for the truth.

Plaintiffs allege that Officer Etheridge investigated Plaintiff again for a crime after

defendant Kurt Brady brandished a machete in a rude manner in front of Plaintiffs and later

assaulted plaintiff Brady and plaintiff Brady responded by pushing himself off and away from

defendant Kurt Brady.

**C. Analysis**

**1. BIA Officer Ethridge**

Plaintiff's mention the Fourth and Fourteenth Amendments, but their claims of unlawful

seizure of persons and things arise under the Fourth Amendment.

The Fourth Amendment provides that "[t]he right of the people to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be

violated." U.S. Const., amend IV. In *Bivens v. Six Unknown Named agents of Federal Bureau of

Narcotics*, 403 U.S. 388, 389 (1971), the Supreme Court held that violation of that right by a

federal agent acting under color of his authority gives rise to a claim for damages.

Preliminarily, Plaintiffs sue Officer Etheridge only in his official capacity and not in his

individual capacity. A *Bivens* action does not lie against a federal agent in his or her official

capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Solida v. McKelvey*, 820 F.3d 1090,

1094 (9th Cir. 2016) ("By definition, *Bivens* suis are individual capacity suits[.]"). Moreover,

*Bivens* does not encompass injunctive relief that requires official government action. *Solida*, 820

F.3d 1090.

1    First, Plaintiff Brady alleges that BIA Officer Etheridge placed him under house arrest for

2 two weeks when no criminal charges were ever filed against him. It is unclear whether Plaintiff

3 Brady is alleging that he was in fact placed under house arrest for two weeks without criminal

4 charges being brought, or whether Officer Etheridge simply threatened to place him under house

5 arrest. Plaintiff Brady needs to include clearer allegations of Officer Ethridge's conduct that give

6 rise to a Fourth Amendment violation.

7    Second, Plaintiff Hokanson only alleges that Officer Etheridge threatened her with arrest

8 if she did not leave the property. There are no allegations that she was actually "seized" for

9 purposes of the Fourth Amendment. In an abundance of caution, plaintiff Hokanson should be

10 given leave to amend to attempt to state a colorable Fourth Amendment claim.

11    Finally, Plaintiffs vaguely reference a seizure of possessions or things, but there are no

12 allegations as to what was taken or the circumstances surrounding such a seizure.

13    In sum, Plaintiffs' Fourth Amendment claims should be dismissed with leave to amend to

14 correct the deficiencies noted above.

15    **2. Remaining Defendants**

16    Plaintiffs allege that the remaining defendants are plaintiff Brady's family members. A

17 *Bivens* action does not lie against a private citizen. Nor does a claim under 42 U.S.C. §1983 lie

18 against private citizens. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988) (to state a claim under

19 section 1983, a plaintiff must allege that his or her civil rights were violated by a person acting

20 under color of state law); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties

21 do not act under color of state law).

22    Plaintiffs' issues regarding the remaining defendants conduct during the allegedly

23 improper self-help eviction process likely need to be raised before the applicable tribal authority.

Therefore, the claims against these Defendants should be dismissed, but without prejudice to be

asserted in the proper court.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order

      (1) **GRANTING** Plaintiff's IFP applications (ECF Nos. 1, 1-1).

      (2) Directing the Clerk to **FILE** the Complaint (ECF No. 1-2).

      (3) **DISMISSING WITH LEAVE TO AMEND** the Fourth Amendment claims as to

BIA Officer Etheridge, and **DISMISSING WITHOUT PREJUDICE** the claims against the

remaining defendants so that they may be asserted in the proper court.

      (4) Plaintiffs should be given **30 DAYS** from the date of any order adopting this Report

and Recommendation to file an amended complaint correcting the deficiencies noted above with

respect to BIA Officer Etheridge only. The amended complaint must be complete in and of itself

without referring or incorporating by reference any previous complaint. Any allegations, parties,

or requests for relief from a prior complaint that are not carried forwarded in the amended

complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading  as

"AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days,

the action may be dismissed.

**IT IS SO ORDERED**.


Dated: January 6, 2022

                                                     *William G. Cobb*
                                           ————————————————————
                                           William G. Cobb
                                         United States Magistrate Judge