UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUSTY TWO FEATHERS BRADY, CHELEY HOKANSON PETRIS,<br><br>Plaintiffs,<br><br>vs.<br><br>C. ETHERIDGE, *et al.*,<br><br>Defendants. | CASE NO.: 3:21-CV-00463-RCJ-CSD<br><br>ORDER |

This matter is before the Court on Plaintiffs' failure to comply with the Order Adopting and Accepting Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF Nos. 2,4).

Plaintiff's complaint alleges that the defendants other than BIA Officer Etheridge are Plaintiff Brady's family members. Plaintiffs allege violations of their rights under the Fourth and Fourteenth Amendments to be free from unreasonable seizure or their persons and things thorough Defendants' participation in an "ongoing illegal self-help eviction conspiracy" to evict Plaintiffs from Plaintiff Brady's family ranch that occurred on the Yomba Shoshone Tribal Reservation in Lander County, Austin, Nevada, between May and September of 2021.  (ECF No. 2).

This action was referred to Magistrate Judge Cobb under 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4 of the Rules of Practice of the United States District Court for the District of

1  Nevada.  Magistrate Cobb issued the Report and Recommendation (ECF No. 2) recommending
2  that the District Judge enter and order granting Plaintiffs' IFP applications (ECF Nos. 1, 1-1, file
3  the Complaint (ECF No. 1-2), dismiss with leave to amend the Fourth Amendment claims as to
4  BIA Officer Etheridge, and dismiss without prejudice the claims against the remaining defendants
5  so that they may be asserted in the proper court.  Plaintiffs were given 30 days from entry of the
6  Order Adopting and Accepting the Report and Recommendation (ECF No. 4) entered on March
7  2, 2022, to amend their complaint.  The 30-day period has now expired, and Plaintiffs have not
8  filed an amended complaint or otherwise responded to the Court's order.  District courts have
9  the inherent power to control their dockets and "[i]n the exercise of that power, they may impose
10 sanctions including, where appropriate . . . dismissal" of a case.  *Thompson v. Hous. Auth. of City*
11 *of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,
12 based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply
13 with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for
14 noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
15 (affirming dismissal for failure to comply with an order requiring amendment of complaint);
16 *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply
17 with local rule requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v. U.S. Postal*
18 *Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court
19 order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack
20 of prosecution and failure to comply with local rules).
21       In determining whether to dismiss an action for lack of prosecution, failure to obey a court
22 order, or failure to comply with local rules, the court must consider several factors: (1) the public's
23 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
24 risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

merits; and (5) the availability of less drastic alternatives.  *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an amended complaint within 30 days expressly stated: "If Plaintiffs fails to file an amended complaint within the 30 days, the action may be dismissed." (ECF No. 2).  Thus, Plaintiffs had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint within 30 days.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on Plaintiffs' failure to file an amended complaint in compliance with the Court's January 6, 2022, order.

///

///

///

///

**IT IS FURTHER ORDERED** that the Clerk of Court will close this case.

**IT IS SO ORDERED**.

Dated:  May 20, 2022.

_____
ROBERT C. JONES
United States District Judge